FILED

2015 JUL 17 P 1: 30

MARY PANKEY, CIRCUIT CLERK
                 DEPUTY

## IN THE CIRCUIT COURT OF MILLER COUONTY, ARKANSAS
### CIVIL DIVISION

| | |
|---|---|
| **JAMES R. HODGES** | **PLAINTIFF** |
| VS     CAUSE NO.: 46CV-15-156-2 | |
| **ROYAL EXPRESS, INC and** | |
| **JUAN PRECENTE-GARCIA** | **DEFENDANT** |

### COMPLAINT

Comes now the Plaintiff, James Hodges, and for purposes of his Complaint against the Defendants, Royal Express, Inc and Juan Puente-Garcia, would show the Court as follows:

I.

The Plaintiff, James R. Hodges, is a resident of Missouri. The Defendant, Royal Express, Inc. (Royal Express), is a Texas Corporation with its principal place of business located at 12115 Doc Adam Drive, Laredo, Texas and whose agent for service of process is Eduardo J. Hernandez at 205 Sunset Loop, Laredo, TX 78046, and upon whom process may be served. The Defendant, Juan Puente-Garcia, resides at 508 Prescott Loop, Laredo, Texas 78046 where process may be served. The acts and occurrences giving rise to this litigation occurred within Miller County, Arkansas. This Court has jurisdiction of the parties and subject matter to this litigation.

II.

On or about August 31, 2012, at approximately 3:45 am, the Plaintiff was a passenger/ employee in the 2007 Freightliner vehicle operated by one Robert Ward and owned by Martin Transportation Systems. Said vehicle was stopped on Interstate Highway 30 in the west bound lane approximately 7 miles east of Texarkana, Miller County, Arkansas, to avoid an accident which had occurred on the subject roadway. Suddenly, violently and without warning a truck operated by


EXHIBIT A

Defendant, Juan Puente-Garcia, and owned by Royal Express, Inc., collided with the rear end of the Martin Transportation Systems vehicle. At the time of the subject occurrence Plaintiff, James R. Hodges, was an employee of Martin Transportation Systems and was occupying the trailer vehicle driven by Robert Ward.

III.

At all times herein referred to, Defendant, Juan Puente-Garcia, while in the course and scope of his employment for Defendant, Royal Express, Inc., was driving the Royal Express truck in a willful and wanton manner and in disregard of the rights and safety of others, when he carelessly and negligently collided his vehicle with the vehicle in which Plaintiff was an occupant. Such actions and driving by the Defendant, Juan Puente-Garcia, was the proximate cause of the referenced collision in the following particulars, to-wit:

a) In failing to keep a proper lookout for other vehicle on the roads;
b) In failing to keep the truck he was driving under control;
c) In driving the truck at a greater speed than that which was reasonable and present under the circumstances there existing;
d) In following too close to the forward vehicle in violation to ACA § 27-51-305;
e) Failure to give the forward vehicle superior right to the use of the highway;
f) Failure to keep his vehicle under proper control for the circumstances then and there existing;
g) In failing to exercise ordinary care for his own safety and for the safety of others using the highway;
h) In operating the truck in such an unsafe condition as to endanger the lives of other persons when he knew or in the exercise of ordinary care should have known of such an unsafe condition;
i) Failure to yield the right-of-way to the vehicle driven by Robert Ward.

IV.

These acts of negligence on the part of Defendants, Juan Puente-Garcia and Royal Express, Inc., which are inputed to Defendant, Royal Express, Inc., were the proximate cause of the injuries and damages sustained by the Plaintiff as more specifically described herein.

V.

As a proximate result of the negligence of Defendants, Juan Puente-Garcia and Royal Express, Inc., the Plaintiff sustained severe and temporary and/or permanent injury to his cervical and thoracic spine, lower extremities, his chest, to his hearing and other parts of his anatomy. Such injuries caused Plaintiff past and future excruciating pain, suffering and mental anguish. Further such injuries caused Plaintiff past and future loss of earnings and earning capacity. Still further, such injuries caused Plaintiff to incur reasonable and necessary past and future medical care, treatment and services for which he seeks compensation. As a result of the forgoing injuries and resulting damages Plaintiff seeks recovery from the Defendants, jointly and severally, in an amount to exceed $ 600,000.

VI.

At all times referred to herein, Defendant, Juan Puente-Garcia, was acting within the course and scope of his authority as an agent/employee of Defendant, Royal Express, Inc.. As such, any negligence on the part of Defendant, Juan Puente-Garcia, would be inputed and charged to Defendant, Royal Express, Inc, with respect to the claims of Plaintiff, James R. Hodges.

VII.

As a result of the above described injuries to the Plaintiff, James R. Hodges. Plaintiff has sustained a loss of consortium, which entitles him to damages in the amount of $25,000.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, James R. Hodges, prays for judgment against the Defendants, Royal Express, Inc and Juan Puente-Garcia in a sum in excess of $ 625,000, for his cost herein expended, for judicial interest on the judgment obtained herein, and for all other just and proper relief to which he may be entitled.

Respectfully submitted,

**MOORE, GILES & MATTESON, L.L.P.**
1206 State Line Av.
Texarkana, Arkansas 71854
Telephone:   870-774-5191
Facsimile:    870-773-1102

By: _____
Marshall H. Moore
Arkansas State Bar No. 78117
ATTORNEY FOR PLAINTIFF